449 S.E.2d 62

**Vera BENNETT, Plaintiff Below, Appellee,**

v.

**Patricia ANGUS, Defendant Below, Appellant.**

**No. 21810.**

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1994.

Decided July 8, 1994.

Dan O. Callaghan, Callaghan & Ruckman, Summersville, for appellant.

Ernest V. Morton, Jr., Webster Springs, for appellee.

PER CURIAM:

This case is before this Court upon the appeal of Patricia Angus from a January 8, 1993 order of the Circuit Court of Webster County, West Virginia, which set aside a jury verdict of $10,662.63 and awarded a new trial, on the issue of damages only, to the

appellee, Vera Bennett. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, the judgment of the circuit court is reversed.

## I

On February 11, 1991, Patricia Angus (hereinafter "appellant"), was operating her 1989 Pontiac Sunbird when she struck the right rear corner of the 1981 Plymouth Horizon driven by Vera Bennett (hereinafter "appellee"). As a result of this automobile accident, the appellee incurred the following expenses: $5,456.98 in medical bills, $3,755.25 in lost wages and $850.00 in property damage. The parties stipulated to these amounts prior to trial. Additionally, the appellee maintained that she had incurred $575.00 in expenses for household help. Though the appellant objected to this item of damages, the trial judge, nevertheless, allowed the jury to consider it.

At trial, the appellee introduced the testimony of Robert M. Mace, M.D., a family practice physician who treated the appellee when she was presented at the Webster County Memorial Hospital following the accident and who examined and treated her on approximately five occasions thereafter. Dr. Mace's initial examination of the appellee revealed moderate degenerative spurring of the cervical spine and mild degenerative changes of the lumbar spine which were, in Dr. Mace's opinion, aggravated by the accident. However, Dr. Mace found no evidence of acute abnormality.[1]

Follow-up examinations of the appellee revealed continued decrease in range of motion of the cervical spine and lumbar spine, as well as subjective complaints of neck and lower back pain. Dr. Mace subsequently referred the appellee to Dr. Weinstein, a neurosurgeon at United Hospital Center in Clarksburg, West Virginia. According to Dr. Mace, Dr. Weinstein recommended conservative treatment of the appellee's condition, including an exercise regime, less frequent use of the cervical collar, weight loss and stress reduction so as to decrease muscle spasms in the neck.[2]

The appellee was also referred for physical therapy treatments. Physical therapist Lisa Muckleroy,[3] whose deposition was read at trial, testified that the appellee had a favorable response to treatment,[4] achieved all of her therapy goals and had no permanent disability as a result of the automobile accident. According to the discharge summary prepared by Ms. Muckleroy on July 3, 1991, the appellee had regained all cervical range of motion and was no longer experiencing radicular pain in the arm. The discharge summary further indicated that, according to the appellee, she was doing all of her normal activities without pain.

At the conclusion of the trial, the jury apportioned forty-five percent of liability to the appellee and fifty-five percent to the appellant. The jury further awarded compensatory damages to the appellee in the amount of $10,662.23. After deducting the appellee's forty-five percent share of negligence, which totaled $4,798.00, the appellee received $5,864.23. The appellee subsequently moved to set aside the jury verdict and award her a new trial on the issue of damages only. The circuit court granted the appellee's motion on January 8, 1993. It is from that order that the appellant now appeals.

## II

It is the appellant's contention on appeal that the circuit court abused its discretion when it set aside the jury verdict and awarded the appellee a new trial on the issue of damages alone. In determining whether a damage award is inadequate, the evidence

1. Upon the appellee's discharge from the hospital following a two-day stay, she was diagnosed with acute cervical muscle sprain and acute lumbar muscle sprain. She was prescribed muscle relaxers, analgesics, as needed, a soft cervical collar and advice to rest.

2. Dr. Mace released the appellee to work on August 3, 1991, approximately six months after the automobile accident.

3. Ms. Muckleroy assessed the appellee's condition as a cervical strain/sprain with right side arm pain and muscle spasms.

4. The appellee participated in physical therapy for four to six weeks, three times per week.

concerning damages is to be viewed most strongly in favor of the appellant, the defendant below. Syl. pt. 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983). Furthermore, "[w]e will not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy." Syl. pt. 2, *Fullmer v. Swift Energy Co., Inc.,* 185 W.Va. 45, 404 S.E.2d 534 (1991).

 Upon a view of the evidence in the light most favorable to the appellant, we do not believe the damages awarded the appellee are clearly inadequate. Furthermore, we believe that, under the facts presented, reasonable men and women could differ on the adequacy of the verdict awarded the appellee. As we indicated above, the jury assessed damages in the amount of $10,662.23, awarding the appellee the full, uncontroverted amount of medical bills, lost wages and property damage. The jury also awarded the appellee a verdict in excess of the stipulated special damages, that is, $575.00 in disputed household expenses, plus $25.00.

At trial, the appellee's treating physician, Dr. Mace, testified that, as a result of the accident, the appellee suffered from muscle spasms and aggravation of pre-existing degenerative changes in the cervical and lumbar spine. Dr. Mace further testified that the appellee's complaints of neck and lower back pain were subjective. Lisa Muckleroy, the appellee's physical therapist, testified that the appellee had achieved all of her physical therapy goals with no permanent disability and had resumed all of her normal activities.

This Court stated in syllabus point 2 of *Richmond v. Campbell,* 148 W.Va. 595, 136 S.E.2d 877 (1964):

Compensation for pain and suffering is an indefinite and unliquidated item of damages, and there is no rule or measure upon which it can be based. The amount of compensation for such injuries is left to the sound discretion of the jury, and there is no authority for a court to substitute its opinion for that of the jury. A mere difference in opinion between the court and

the jury as to the amount of recovery in such cases will not warrant the granting of a new trial on the ground of inadequacy unless the verdict is so small that it clearly indicates that the jury was influenced by improper motives.

In that the damages awarded the appellee are supported by the evidence and there is no indication that the jury was improperly influenced, it was error for the circuit court to set aside the jury verdict and award the appellee a new trial.[5] Accordingly, the judgment of the Circuit Court of Webster County is reversed.

Reversed.

___

5. We note that the parties do not ask this Court to analyze the damage award under *Freshwater v.*

*Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977).