532 S.E.2d 59

**STATE of West Virginia ex rel. Ben Kish MEADOWS, Petitioner,**

**v.**

**Honorable Booker T. STEPHENS, Judge of the Circuit Court of McDowell County, Phillip J. Lawless and Lois M. Lawless, Respondents.**

**No. 27255.**

Supreme Court of Appeals of West Virginia.

Submitted March 7, 2000.

Decided June 8, 2000.

Mary H. Sanders, Esq., Huddleston, Bolen, Beatty, Porter & Copen, Charleston, West Virginia, Attorney for Petitioner.

Janet C. Williamson, Esq., Shott, Gurganus & Williamson, Bluefield, West Virginia, Attorney for Lawlesses.

C. Williams Davis, Esq., Richardson & Davis, Bluefield, West Virginia, Attorney for Nationwide.

Sidney H. Bell, Esq., McDowell County Prosecuting Attorney, Welch, West Virginia, Attorney for the State.

PER CURIAM:

The petitioner, Ben Meadows ("Meadows"), has petitioned this Court for a writ of prohibition seeking to prohibit the enforcement of an order of the Circuit Court of McDowell County dated September 21, 1999. Meadows was involved in an automobile accident with the respondent and plaintiff below, Phillip Lawless ("Lawless"). A jury trial was conducted and the jury found Lawless to be 25 percent negligent; Meadows was found to be 75 percent negligent. The jury awarded Lawless a total of $35,000.00 in damages. At the conclusion of the trial, Lawless filed a motion for judgment as a matter of law and for a new trial. By order dated September 21, 1999, the Honorable Booker T. Stephens granted Lawless' motion for judgment as a matter of law on the issue of liability and held Meadows 100 percent liable for the accident. The judge also granted Lawless a new trial on the issue of damages only.

Meadows requests that the circuit court be prohibited from enforcing this order and that the jury verdict be reinstated.

I.

On September 27, 1994, Meadows was involved in an automobile accident with Lawless in McDowell County, West Virginia. Evidence presented during the subsequent

jury trial indicates that Meadows' car struck the truck driven by Lawless while Lawless was slowing, prior to making a right-hand turn.[1] Meadows was cited by an officer of the West Virginia State Police for failure to maintain control of his vehicle. The officer who gave the ticket to Meadows testified that Meadows caused the accident.

As a result of the accident, Lawless began having recurring neck pain and headaches. Additionally, Lawless testified that he was unable to perform certain tasks and hobbies that he enjoyed prior to the accident.

During the course of the jury trial, evidence was presented concerning: (1) Lawless' past and future medical expenses; (2) his past and future loss of income; (3) his past and future bodily pain, anguish, worry and stress; (4) his past and future loss of enjoyment of life; and (5) Lois Lawless' loss of consortium.

Gary Cornwell, a certified public accountant, testified that Lawless' past and future lost wages totaled $48,035.99: past lost income of $24,332.60 and future lost income of $23,703.39. Mr. Cornwell based his estimates of future lost income, in part, on the fact that Lawless took an early retirement from his employment in 1995 when he reached the age of 62. Lawless was required to take a 20 percent reduction in his Social Security benefits as a consequence of beginning his retirement at the age of 62 instead of waiting until the age of 65. Lawless testified that he was forced to take early retirement due to his injuries. However, evidence was admitted at trial indicating that Lawless' employer went out of business some time after the accident. Evidence was also introduced indicating that Lawless had worked after the accident as a security guard and

continued in this employment until the job was eliminated.

Dr. Burch, Dr. Orphanos, and Dr. Kropac testified on behalf of Lawless. These doctors testified that Lawless had past medical bills totaling $12,058.12. Dr. Burch testified that he treated Lawless for headaches, neck pain, left shoulder pain and interscapular pain. However, Dr. Burch attributed Lawless' left shoulder pain to bursitis and concluded it was not related to the automobile accident. Both Dr. Burch and Dr. Orphanos testified that Lawless suffered from degenerative disc disease—a preexisting condition. Dr. Kropac testified that Lawless would be restricted to light work. Dr. Kropac and Dr. Burch both testified that Lawless would require future treatment in the form of periodic evaluations occurring 2 to 4 times a year with each evaluation costing between $50.00 to $100.00.

At the conclusion of the evidence, Lawless moved for a directed verdict on the issue of liability. The circuit court denied the motion. The jury subsequently found Lawless to be 25 percent negligent and Meadows to be 75 percent negligent on the issue of liability. The jury awarded damages as follows: $12,000.00 for past medical bills, $15,000.00 for past loss of income, $3,000.00 for pain and suffering, and $5,000.00 to Lois Lawless for loss of consortium. The jury declined to award any damages for past or future loss of enjoyment of life, future medical expenses, future loss of income, and future pain and suffering.

Following the jury's verdict, Lawless renewed his motion for a directed verdict by filing a motion for judgment as a matter of law[2] and for a new trial.[3] By order dated

---

1.  Meadows did not appear at the trial nor did he present himself for depositions.

2.  Pursuant to *W.Va.R.Civ.P.* Rule 50(b), a circuit court has the authority to enter judgment as a matter of law. Rule 50(b) provides, in pertinent part:

    (b) *Renewal of motion for judgment after trial; alternative motion for new trial.*—If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew the request for judgment as a matter of law by

filing a motion no later than 10 days after entry of judgment and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
    (1) If a verdict was returned:
    (A) allow the judgment to stand,
    (B) order a new trial, or
    (C) direct entry of judgment as a matter of law; or
    (2) if no verdict was returned:
    (A) order a new trial, or
    (B) direct entry of judgment as a matter of law.

3.  Pursuant to *W.Va.R.Civ.P.* Rule 59(a), a circuit court has the authority to grant a new trial on all

September 21, 1999, the circuit court granted Lawless' motion for judgment as a matter of law on the issue of liability and granted Lawless a new trial on the issue of damages.

Meadows filed the present petition for a writ of prohibition seeking to prohibit the enforcement of the September 21, 1999 order. Meadows argues that the circuit court exceed its legitimate powers by granting judgment as a matter of law on the issue of liability and granting a new trial on the issue of damages and requests that the judgment of the jury be reinstated.

## II.

■ We have stated that a writ of prohibition will issue if we determine a trial court has exceeded its legitimate powers. We have held:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ

of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). In accordance with *Hoover*, we must determine if the circuit court exceeded its legitimate powers.

In determining whether the circuit court did exceed its power, we first address the issue of the circuit court's granting of judgment as a matter of law on the issue of liability. In *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996), we stated:

On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

Syllabus Point 3, in part, *Brannon v. Riffle*, *supra.*

We have further stated that when a circuit court examines "whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true." Syllabus Point 3, *Walker v. Monongahela Power Co.*, 147 W.Va. 825, 131 S.E.2d 736 (1963).

or part of the issues. Rule 59(a) provides, in pertinent part:

(a) *Grounds.*—A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action tried

without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

■ We established guidelines for circuit courts to utilize when determining whether to vacate a jury verdict:

In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inference which reasonable may be drawn from the facts proved.

Syllabus Point 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984).

A review of the record before us indicates that the judge did follow the guidelines established in *Orr*.[4] No evidence was presented by Meadows concerning Lawless' alleged negligence. The only evidence that was admitted concerning the automobile accident was undisputed and was given by Lawless and the two investigating officers. These three witnesses all testified to the fact that Meadows caused the accident and that Lawless had not performed any negligent act that contributed to the accident. After reviewing the evidence presented to the jury, we find that the circuit court did not exceed its legitimate powers. We therefore, deny the petition for a writ of prohibition on the issue of the circuit court's order granting judgment as a matter of law in favor of Lawless.

■ We turn next to the issue of the new trial granted on the issue of damages. We have often stated that a trial judge should rarely grant a new trial. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 124, 454 S.E.2d 413, 418 (1994), *cert. denied sub nom., W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). Furthermore, a new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done[.]" *Id.* (citations omitted).

While not set forth in the September 21, 1999, order granting a new trial, it would appear that the judge granted the new trial because he believed that the damages awarded by the jury were clearly inadequate.[5]

■ We have stated that "[w]hen a case involving conflicting testimony and circumstances has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it." Syllabus Point 4, *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958). *In accord* Syllabus Point 2, *Walker v. Monongahela Power Co.*, 147 W.Va. 825, 131 S.E.2d 736 (1963). We have further stated that a circuit court should "not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy." Syllabus Point 2, *Fullmer v. Swift Energy Co. Inc.*, 185 W.Va. 45, 404 S.E.2d 534 (1991).

A review of the record below does not indicate that the sum awarded by the jury was so low that it would result in substantial injustice, as required by *In re State Public Building Asbestos Litigation*. The jury in this case awarded the claimant his past medical bills, except for $58.12. The jury did not award damages for future medical bills, but

---

**4.** In the September 21, 1999, order granting judgment as a matter of law, the judge wrote: The Court finds that the evidence is overwhelming as to the issue of liability and that it preponderates in favor of the plaintiff [Lawless]. The Court further finds that the accident report itself states that there was no improper driving by the plaintiff, the Court further finds that defendant [Meadows] ... was cited for failure to maintain control and the plaintiff had no improper driving. The Court further finds that there was no direct testimony at trial by the defendant on the issue of liability. Based on the foregoing the Court concludes as a matter of law that the defendant was 100% negligent and that the plaintiff was 0% negligent as to the issue of liability.

**5.** The September 21, 1999 order provides no reasons for granting a new trial. However, during a hearing conducted on December 13, 1999, the judge indicated that the reason he granted a new trial was due to inadequate damages.

the jury could have reasonably concluded that being seen once every 6 months to be evaluated was not a sufficient basis for an award of future medical expense damages.

Additionally, the jury awarded the claimant $3,000.00 for past pain and suffering. Regarding the quantifying of damages for pain and suffering, we have stated:

Compensation for pain and suffering is an indefinite and unliquidated item of damages, and there is no rule or measure upon which it can be based. The amount of compensation for such injuries is left to the sound discretion of the jury, and there is no authority for a court to substitute its opinion for that of the jury. A mere difference in opinion between the court and the jury as to the amount of recovery in such cases will not warrant the granting of a new trial on the ground of inadequacy unless the verdict is so small that it clearly indicates that the jury was influenced by improper motives.

Syllabus Point 2, *Richmond v. Campbell*, 148 W.Va. 595, 136 S.E.2d 877 (1964); Syllabus Point 2, *Bennett v. Angus*, 192 W.Va. 1, 449 S.E.2d 62 (1994). The evidence presented by Lawless indicates that as a result of the accident he had neck pain and headaches— injuries that precluded him from fishing, gardening, and vacuuming. Lawless also testified that he had to hire someone to cut his grass.

Finally, the jury awarded $15,000.00 to Lawless for his past lost income, but did not grant damages for future loss of income. The testimony of Mr. Cornwell assumed that Lawless left his employment due to his injuries. However, the jury was presented conflicting medical testimony on whether Lawless could return to work, and if so to what degree. Dr. Orphanos, an orthopedic surgeon and one of Lawless' experts, testified that he examined Lawless on March 29, 1995, and determined that if no other problems arose, Lawless would be able to return to his normal work within 2 or 3 weeks. Consequently, the jury could have reasonably believed that Lawless took early retirement due to his employer going out of business, or because he wanted to retire early.

Based on our review of the record, no substantial injustice would have occurred if the judge had permitted the jury verdict as to damages to stand on the issue of damages. We therefore find that the circuit court exceeded its legitimate powers in ordering a new trial on the issue of damages.

### III.

Based on the foregoing, we find that the decision of the Circuit Court of McDowell County did not exceed its authority in entering judgment as a matter of law on the issue of liability. However, the Court is of the opinion that the circuit court did exceed its powers in granting plaintiff's motion for a new trial because the damages awarded by the jury were not substantially unjust. Therefore, the order providing for a new trial on the issue of damages is voided, and we remand this case to the circuit court with instructions to reinstate the damage award granted by the jury.

Writ Granted as Moulded.