# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Hawkins and Nesbitt Contracting, Inc.,
Plaintiff Below, Petitioner

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 12-1256 (Upshur County 11-C-14)

Keith Queen and Heather Queen,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioner Hawkins and Nesbitt Contracting, Inc., by counsel Erika Klie Kolenich and D. Geoff Varney, appeals the September 26, 2012, order of the Circuit Court of Upshur County denying its motion for judgment as a matter of law, or in the alternative, motion for a new trial. Following trial, the circuit court accepted the jury's verdict and granted judgment in favor of respondents in the amount of $10,000. Respondents Keith Queen and Heather Queen, pro se, did not file responsive pleadings.[1]

This Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a construction company owned and operated by Kevin Hawkins. Respondents, a married couple, requested that petitioner perform construction work on their residence located in Buckhannon, West Virginia. The work included construction of a 40' x 60' addition on the rear of their home. The addition consisted of a family room, a master bedroom, a master bathroom, and a closet area.

The parties entered into the contract on May 19, 2010, with a project cost of $39,385.

---

[1]Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondents have failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor because respondents failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).

Under this agreement, petitioner was to build the foundation for the addition, attach it to the home, complete the roof, and frame in the walls. Petitioner was not to perform finishing work on the addition, such as installing the drywall and plumbing. Respondents paid $29,385 to petitioner but did not pay the remaining $10,000 because they were not satisfied with the quality of the construction.

On February 7, 2011, petitioner filed its complaint alleging breach of contract. Respondents filed their answer and counterclaim alleging breach of contract to recover costs associated with repairing the construction.

At trial, the jury viewed the premises. Respondents testified that they were not satisfied with the quality of petitioner's work. Respondents hired laborers to install the drywall and the laborers noticed problems with the construction because the walls were not plumb and the ceiling was out of square. Respondents' expert witness, Franklin Kyle, testified that the girder truss of the addition was not installed correctly and there was a bulge in the ceiling because the trusses bowed. Mr. Kyle opined that petitioner should have noticed this problem immediately and fixed it when the truss was installed. He also testified that the walls of the addition were not in keeping with industry standards. There was also a problem with the floor, a toe catch, and an offset in the height of the floor from the existing house to the new floor. Mr. Kyle found that the roof of the addition was not aesthetically pleasing because petitioner failed to blend the roof line with the rest of the house. He stated that the facia soffit should be taken off and the framing underneath rebuilt. More significantly, the beams supporting the addition had insufficient shimming to support the load of the house. Mr. Kyle stated petitioner's work on the addition was "very poor." He estimated that it would cost $20,000 to repair the problems.

On May 29, 2012, the jury returned a verdict in favor of respondents on their counterclaim against petitioner and assessed damages in the amount of $10,000. Thereafter, petitioner filed a renewed motion, pursuant to West Virginia Rules of Civil Procedure Rules 50(b) and 59(a), for judgment as a matter of law, or in the alternative, motion for a new trial. On September 4, 2012, the circuit court conducted a hearing on the matter and denied the motion by order entered September 26, 2012. This appeal followed.

We begin by recognizing this Court's standard of review of the circuit court's decision to deny petitioner's motion for a judgment as a matter of law:

> The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure [1998] is *de novo*.

> When this Court reviews a trial court's order granting or denying a renewed motion for judgment as a matter of law after trial under Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998], it is not the task of this Court to review the facts to determine how it would have ruled on the evidence presented. Instead, its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, when considering a

2

ruling on a renewed motion for judgment as a matter of law after trial, the evidence must be viewed in the light most favorable to the nonmoving party.

Syl. Pts. 1 and 2, *Fredeking v. Tyler*, 224 W.Va. 1, 680 S.E.2d 16 (2009).

A motion for a new trial is authorized under Rule 59 of the West Virginia Rules of Civil Procedure. Appellate review of a ruling on a motion for a new trial is as follows:

"Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. Pt. 4, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

Syl. Pt. 1, *Big Lots Stores, Inc. v. Arbogast*, 228 W.Va. 616, 723 S.E.2d 846 (2012). The specific components of appellate review in this regard are set forth by this Court in *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995):

[This Court reviews] the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

194 W.Va. at 104, 459 S.E.2d at 381. *See also State ex rel. Meadows v. Stephens*, 207 W.Va. 341, 345, 532 S.E.2d 59, 63 (2000) (a new trial should not be granted unless prejudicial error appears in the record or substantial justice has not been done). With these standards in mind, we turn to the issues presented by petitioner.

Petitioner asserts that the circuit court erred because respondents did not contest that they still owed $10,000 pursuant to the contract. Petitioner essentially requests relief from the judgment below because the jury verdict could be interpreted to mean that the parties would "break even" and the $10,000 verdict in favor of respondents would be "off-set" by the $10,000 that respondents owed under the contract. We find that this argument lacks merit because it ignores the fact that respondents counterclaimed for breach of contract. The trial proceeded on the claims asserted by respondents for breach of contract and costs associated with the repair of the addition. There was a dispute as to the quality of petitioner's construction of the addition. The jury resolved the issue in favor of respondents and found that petitioner owed respondents $10,000 in damages to repair this work.

Therefore, viewing the evidence in the light most favorable to the nonmoving party, we find that the circuit court did not err in denying petitioner's motion because respondents put forth evidence that petitioner breached the contract  by performing poor quality workmanship and respondents incurred costs associated with repairing the project. The law in this State provides that damages may be recovered to repair such construction defects.

3

"'[T]he proper measure of damages in . . . cases involving building contracts is the cost of repairing the defects or completing the work and placing the construction in the condition it should have been if properly done under the agreement contained in the building contract.' *Steinbrecher v. Jones,* 151 W.Va. 462, 476, 153 S.E.2d 295, 304 (1967)." Syllabus point 2, *Trenton Const. Co., Inc. v. Straub,* 172 W.Va. 734, 310 S.E.2d 496 (1983).

Syl. Pt. 4, *Kesari v. Simon*, 182 W.Va. 795, 392 S.E.2d 511 (1990).

We find that the evidence was such that a reasonable trier of fact might have reached the decision below. Respondents' expert testified that it would cost $20,000 to repair the construction defects. Therefore, we find no compelling reason to set aside the jury's verdict because the evidence supports the finding that respondents are entitled to recover damages related to repairing the defects in the construction. A mere difference of opinion between petitioner and the jury concerning the proper amount of recovery will not justify setting aside the jury's verdict.

Petitioner also contends that the verdict form was confusing and the potential for confusion was exacerbated by the circuit court's instruction regarding the verdict form. The circuit court instructed the jury to choose in favor of petitioner or in favor of respondents on the jury form, "one or the other." Petitioner argues that the instruction was not accurate because the jury could have found in favor of petitioner on its claim and also in favor of respondents on their counterclaim. We have held that

"'[t]he formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.' Syl. pt. 6, *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995)." Syllabus point 6, *Voelker v. Frederick Business Properties Co.,* 195 W.Va. 246, 465 S.E.2d 246 (1995).

Syl. Pt. 2, *Cordial v. Ernst & Young*, 199 W.Va. 119, 483 S.E.2d 248 (1996).

Upon review of the record, this Court affirms the circuit court's determination in this matter, having concluded that this case was tried before a fair, impartial, and properly instructed jury. The circuit court's refusal to instruct the jury that it could find in favor of petitioner and respondents was not an abuse of discretion. We agree with the circuit court that such an instruction might confuse the jury and could invite a compromised verdict.

We have carefully considered other assignments of error made on behalf of petitioner and are of the opinion that they constitute no basis for the reversal of the judgment of the circuit court.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Upshur County.

Affirmed.

**ISSUED:**  October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II